IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AUSTIN REDDIX, | ) |
| Petitioner, | ) |
| v. | ) Civil Action No. 04-305E |
| | ) JUDGE McLAUGHLIN |
| JOSEPH DESUTA, | ) CHIEF MAGISTRATE JUDGE BAXTER |
| Respondent. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.   **RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

II.   **REPORT**

Petitioner, Austin Reddix, is a state prisoner incarcerated at the State Regional Correctional Facility at Mercer, Pennsylvania.  Reddix is serving a sentence of 8 to 16 years imprisonment for charges arising from drug sales.  The relevant procedural history will be set forth in the body of the report.

    A.   **Time Period for Filing Federal Habeas Corpus Petitions**

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. Generally, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires that state prisoners file their federal habeas petition within one year of any of four enumerated events:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1-2).

In determining whether a petition for writ of habeas corpus has been timely filed under AEDPA's one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A).  Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute pursuant to section 2244(d)(2).  Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

Here, Reddix was convicted by a jury of possession with intent to deliver illegal drugs on January 27, 2000.  He was sentenced on February 24, 2000 and filed a direct appeal in the Superior Court of Pennsylvania.  Reddix chose to proceed pro se on direct appeal, and the Superior Court quashed the appeal on May 15, 2001 (State Court Record, Superior Court Opinion dated May 15, 2001).  A subsequent petition for reargument was denied by the Superior Court on August 16, 2001.  Reddix did not seek review in the Supreme Court of Pennsylvania.

Reddix next filed a petition pursuant to the Post Conviction Relief Act (PCRA) on July 24, 2002 (State Court Record, PCRA Petition), asserting that he was denied effective assistance of counsel on appeal, resulting in his claims being deemed waived and his appeal being quashed.

Counsel was appointed and filed a "no merit" letter. The trial court filed a notice of its intent to dismiss the petition on October 16, 2002, noting that Reddix "knowingly and voluntarily chose to proceed without counsel" on direct appeal (State Court Record, Notice of Intent to Dismiss, October 16, 2002). The court denied PCRA relief on November 8, 2002, finding that the PCRA petition was untimely filed. The Superior Court affirmed on July 11, 2003, and noted that the PCRA petition was timely, but found that the claims raised did not warrant relief in any event (State Court Record, Superior Court Opinion, July 11, 2003). Reddix did not seek review in the Supreme Court of Pennsylvania.

The instant petition for writ of habeas corpus is dated September 23, 2004 (Docket #3 at 9). Reddix seeks to raise many of the claims he presented to the state courts. The Commonwealth has responded to the petition and asserts that the petition is untimely. Petitioner's conviction became final for purposes of AEDPA on September 17, 2001, i.e, the date when the thirty-day period for filing a petition for allowance of appeal in the Supreme Court of Pennsylvania expired, thereby concluding petitioner's direct appeal. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000)(noting that a judgment becomes final at the conclusion of direct review or the expiration of time for seeking such review, including the 90–day time limit for filing a writ of certiorari in the Supreme Court); Kapral v. United States, 166 F.3d 565, 575 (3d Cir. 1999)(same for 28 U.S.C. § 2255 motions). The instant petition was not filed until September 23, 2004 (giving Reddix the benefit of the mailbox rule), which is more than three years after the conviction became final, and more than two years after the expiration of the limitations period. This Court must, accordingly, determine whether Petitioner can take advantage of the "tolling" provision in section 2244(d)(2), or of equitable tolling.

As stated above, section 2244(d)(2) provides that "[t]he time during which a **properly filed** application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2)(emphasis supplied). Here, Reddix first filed a petition under the PCRA on July 24, 2002. At this point, 10 months of time countable towards AEDPA's statute of limitations had already run from the time that his conviction became final in September

- 3 -

2001. The PCRA proceeding concluded on August 11, 2003, which is when Reddix's right to file a petition for allowance of appeal from the Superior Court's July 11, 2003, order affirming the denial of PCRA relief expired. The limitations period ran unabated from August 11, 2003, through September 23, 2004, a period in excess of one year, which must be added to the 10 months that ran between the time petitioner's direct appeal concluded and he filed his PCRA petition. Thus, even applying the tolling provisions of AEDPA and excluding the time during which the PCRA petition was pending in the state courts, more than 22 months of countable time elapsed in this case. This petition is untimely.

Nothing in the record indicates that Reddix is entitled to take advantage of any of the exceptions to the one-year limitations period. Specifically, he has failed to show that any of his claims are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; nor has he shown that his claims are based on a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. §2254(d)(1)(C-D).

Finally, the one-year limitation in §2244(d) is a statute of limitations, not a jurisdictional bar, and may be equitably tolled. Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, --- U.S. ---- 125 S.Ct. 1807, 1814, *reh'g denied,* --- U.S. ----, 125 S.Ct. 2931, 162 L.Ed.2d 880 (2005). Also, "[e]quitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient." Miller, 145 F.3d at 618-19 (internal citations, quotations, and punctuation omitted); Hizbullahankhamon, v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) ("To equitably toll the one-year limitations period, a petitioner "must show that extraordinary circumstances prevented him from filing his petition on time," and he "must have acted with reasonable diligence throughout the period he seeks to toll." ).

Here, the record does not yield any basis for equitably tolling the statute of limitations. Thus, petitioner's claims are time-barred.

### B. Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). Because petitioner has not made such a showing, a certificate of appealability should be denied.

### CONCLUSION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed and that a certificate of appealability be denied.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten (10) days from the date of service to file objections to this report and recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

    /s/   Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: December 2 , 2005

cc:    Austin Reddix, EE-1852
       SCRF Mercer
       801 Butler Pike
       Mercer, PA 16137

       Raquel L. Cross, Esquire
       Assistant District Attorney
       Erie County Courthouse
       140 West 6th Street
       Erie, PA 16501